John J. O’Brien, J.
Petitioner-defendant, Robert T. Slowek, moves for a change of venue for a motor vehicle hearing from Watertown, New York to Schenectady, New York.
Petitioner, a traveling salesman, was charged with a violation of section 1180 of the Vehicle and Traffic Law, State of New York, in the Town of Ellisburg, Jefferson County, New York, on May 31, 1969 in that he allegedly operated his automobile at a speed of 90 miles an hour in a 65 mile an hour zone. Eventually petitioner entered a plea of guilty to a charge of speeding at 75 miles an hour in a 65 mile-an-hour zone. The respondent, Department of Motor Vehicles of the State of New York, following hearings, then suspended petitioner’s license to operate a motor vehicle for a period of 90 days. Petitioner commenced an article 78 proceeding and was successful in having the suspension order of the Department of Motor Vehicles annulled. The court, in the article 78 proceeding, ordered that the matter be resubmitted to the Department of Motor Vehicles for a new hearing for the purpose of taking more definite and concise testimony of the parties. The Department of Motor Vehicles then scheduled a new hearing to be held in Watertown, New York on March 4, 1971. Petitioner, by letter from his attorney, requested that the hearing be changed to a place in the Capital District, preferably in Schenectady, New York. . This was for the alleged convenience of the licensee, of the passenger in his automobile at the time of the issuance of the ticket and of petitioner’s attorney. This request was denied by the Department of Motor Vehicles and petitioner commenced the instant motion by an order to show cause signed February 23, 1971 by another Justice of this court and made returnable before me on April 5,1971.
*988 The order to show cause provides that pending the hearing and determination of this motion all proceedings on the part of the Department of Motor Vehicles are stayed. At the optset respondent objects to this stay based on the decision tif the Appellate Division Third Department in the case of Matter of Murray v. Tofany, (36 A D 2d 665), wherein the court reversed an ex parte order of the Supreme Court and vacated a stay provision. In that decision the court said: “ We take this opportunity to express our view that orders enjoining, compelling or staying action by State officials should be granted only upon notice. ’ ’
Since the motion before me was returnable well after the scheduled date of the new hearing (March 4, 1971) the question of whether petitioner followed proper procedure in obtaining the ■show cause order is moot.
With regard to petitioner’s request for a change of venue, I believe that under the facts and circumstances the request must be denied. The policy of the Department of Motor Vehicles is to hold motor vehicle hearings and investigations in the localities where the operative facts arise and an application for a change in the place of hearing (venue) should be granted only upon compelling reasons. (See Discretionary Power of the Referee in Motor Vehicle Hearings, Richard C. Llope, 35 Albany L. Rev. 439.) Petitioner refers to the possibility of inclement weather and dangerous driving conditions if petitioner is required to travel to Watertown, New York for the hearing. The court takes judicial notice that at this time of year the weather is no longer a serious consideration in making travel arrangements between Schenectady, New York and Watertown, New York. Nor is the distance involved so great that petitioner will be greatly inconvenienced.
The motion is denied and the stay vacated. The Department of Motor Vehicles, if so advised, may schedule a new hearing to be held at Watertown, New York, following entry of the order to be entered herein and notice thereof to petitioner.